81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin Hobart STANWOOD, Plaintiff-Appellant,
v.
Herbert J. ROYSTER, Defendant-Appellee.
 No. 95-35048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1996.*
Decided March 25, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Hobart Stanwood appeals pro se the district court's grant of summary judgment in favor of Oregon State Police Officer Herbert J. Royster. Stanwood argues that the district court erred by (1) construing his Bivens action as a 42 U.S.C. § 1983 action, (2) granting summary judgment against Stanwood's claims as to the preparation and execution of the search warrant, and the return of non-contraband property because the statute of limitation period had run, and (3) granting summary judgment against Stanwood's claim as to the affidavit in support of civil forfeiture proceedings. We affirm.
 
 Factual and Procedural Background
 
 3
 Royster is an Oregon State Police Officer assigned to the Regional Organized Crime Narcotics Task Force. On July 18, 1991, a Multnomah County district court judge issued two search warrants based upon an affidavit submitted by Royster. The warrants authorized the search of Stanwood, two parcels of real property, and three vehicles.
 
 
 4
 On July 19, 1991, the warrants were executed. Two loaded weapons and 250 marijuana plants were seized. On March 6, 1992, Stanwood was convicted of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). On March 23, 1992, the district court ordered release of Stanwood's non-contraband property not subject to forfeiture proceedings within thirty days.
 
 
 5
 On July 11, 1994, Stanwood filed the instant civil action against Royster. Stanwood claimed that Royster violated his Fourth and Fifth Amendment rights by (1) preparing a warrant affidavit which contained misstatements and omitted material facts, (2) executing the search warrant in an unreasonable manner, (3) ignoring the district court's order to return all non-contraband property, and (4) supplying three affidavits in a civil forfeiture action which contained misstatements.
 
 
 6
 On September 22, 1994, Royster moved for summary judgment. The magistrate judge filed a report recommending that summary judgment be granted for Royster because all but one of Stanwood's claims were time barred and Royster was entitled to qualified immunity on the remaining claim. The district judge adopted the magistrate judge's Findings and Recommendation and granted Royster's motion for summary judgment. Stanwood now appeals.
 
 Analysis
 
 7
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 8
 Stanwood's claims arising out of the warrant affidavit, the search, and the return of non-contraband property are time barred.[1] The statute of limitation period applicable to an action under 42 U.S.C. § 1983 is the state limitation period for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 280 (1985). The same statute of limitation period applies to Bivens actions. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir.1991). Oregon law provides for a two-year limitation period to commence an action for personal injury. Or.Rev.Stat. § 12.110(1).
 
 
 9
 Here, the search occurred on July 19, 1991 and the order required return of all non-contraband property by April 22, 1992. Stanwood filed his claims on July 11, 1994. His claims regarding the warrant affidavit, the search, and the return of non-contraband property are thus time barred.
 
 
 10
 Stanwood's only claim that is not time barred is his claim based on Royster's affidavits in support of the forfeiture proceedings. We hold that the district court properly granted summary judgment against this claim because Stanwood failed to submit any evidence to support his contention that Royster included false statements in these affidavits. Stanwood neither provided the district court with a copy of these affidavits, nor provided the district court with a description of the false statements. Therefore, summary judgment was properly granted against this claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We need not decide whether Officer Royster is a state or federal actor because the same limitation period applies to Bivens and 42 U.S.C. § 1983 actions